## Irey v. Redevelopment Authority of Washington County

*Robert L. Ceisler,* for plaintiff.
*Frank A. Conte,* for defendant.
*Louis J. Bell Aguila,* for Gary Metzinger.

SWEET, *P.J.,* May 5, 1981—Frank Irey, Jr. filed a complaint in equity on April 20, 1981 alleging bid irregularities in an award of a contract for a project in Charleroi.* Irey claims that notwithstanding the

---

*The project is officially known as the Oakland Avenue Street Reconstruction Project, project No. WC-80-8A. The bid documents comprise about 200 pages and seem on an hour's perusal to be in very standard form.

strict standards which apply to bidding on public contracts, defendant-Redevelopment Authority of the County of Washington accepted the bid of Gary Metzinger, cement contractor, and he seeks an injunction against Metzinger's going ahead with the work. Judge Bell signed, as judge of the term in April, a temporary order. Judge Sweet held an initial hearing at which the matter proved intractable to settlement, although counsel made an effort. Mr. Conte then filed preliminary objections on behalf of the Redevelopment Authority. One of these was a demurrer to the complaint. These were then heard before a court en banc made up of the undersigned on short rule.

We are of the opinion the defendant-Redevelopment Authority must prevail and that Metzinger may be awarded the contract. We do this reluctantly, however, and feel obliged to set forth some account of the matter.

The mechanics of adjudication is sustaining the demurrer. We do this because when counsel revealed their full case to us, it became apparent that Mr. Ceisler, representing Irey, was relying on taking oral testimony about the suitability of the way in which Metzinger filled in the bid. We think we cannot go outside the bid document itself and will not take oral testimony. Since the decision will be made on the construction of an instrument as it is before us now, we may as well decide it this way. Both sides agree on what the documents are.

We feel that while plaintiff may have stated a cause of action, he cannot prove one. We will not go outside the bid to determine its sufficiency and regularity. Specifically we will not take oral testimony about whether it meets the standard of law. That would ask the witness to do our work.

It is the judgment of the undersigned that the Metzinger bid is just barely acceptable. Defendant-authority has chosen to waive the very obvious defects, and this their choice, not ours. Our role is to decide whether, after this generous waiver, the thing is still acceptable minimally.

We note in reading the contract documents furnished us that Specification 102.06 (C) of Form 408 says: "In case of discrepancy the written or typed word form of the price shall be considered as being the price bid." Metzinger put his figure for the extension of the unit price at that point. The project documents also include a statement: "This project is let on unit price." On page BP-2 it has a pair of ugly ink blotches obliterating some writing and the error on unit price mentioned hereinabove. We use this occasion to emphasize that the bidding in public contracts must be clean and proper to the extent of antisepsis. We will not, if the matter comes to our attention, tolerate anything worse than this in the future. However, we note that there is not the faintest hint of corruption, favoritism or influence here. Accordingly, although we do not condone the mistakes Metzinger made, we do not wish to be astute to cost the public $21,000.

Plaintiff says he is concerned with the quality of bid work and since he heads a large successful contracting organization we can see where zeal for the propriety of governmental bidding and the advantage of a strong headquarters organization capable of turning out good paper work quickly and accurately might and probably do go hand in hand. We commend him for his presentation here, which in many ways is pro bono publico. To emphasize this we will place the costs of this proceeding on defendant-authority whose discretionary waiver of

violation of their own rules has exacerbated what might otherwise have been a routine commercial dispute.

However, when all this is acknowledged to be true the fact remains that the essential safeguards of the bidding process have not actually been compromised here and in allowing the authority waiver to stand against Mr. Irey's challenge we save public money, accelerate the conduct of the public business and protect the agency of government from suit by the announced winner of the bidding contest.

Accordingly, we: (1) vacate the injunction, signed by Judge Bell, (2) authorize the authority to finish awarding the contract, and, (3) direct entry of judgment in favor of defendant-authority, all subject to what has been said hereinabove. So ordered.